IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ARNIE D. BATES, #L2152**                                                          **PETITIONER**

**VS.**                                       **CIVIL ACTION NO. 3:06CV322BN**

**SAM WINCHESTER, WARDEN OF JEFFERSON-
FRANKLIN COUNTY CORRECTIONAL CENTER**        **RESPONDENT**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned on the Respondent's Motion to Dismiss Pursuant to §2244(d), docket entry no. 10, filed August 11, 2006.  Bates has not filed a response to the motion or otherwise addressed the timeliness of his petition for writ of habeas corpus.  The undersigned, having considered the motion, the memorandum and the record, concludes that it should be granted for the reasons that follow.

### FACTS AND PROCEDURAL HISTORY

On April 5, 2002, Arnie D. Bates entered a plea of guilty to sexual battery in the Circuit Court of Pike County, Mississippi.  He was subsequently sentenced on July 25, 2002, to serve a term of thirty (30) years, with twenty (20) years to serve and ten (10) years post-release supervision, in the custody of the Mississippi Department of Corrections.  **Exhibit A to Respondent's Motion to Dismiss.**[1]  On April 29, 2003, Bates filed a "Motion to Set Aside Guilty Plea" in the Pike County Circuit Court.  **Exhibit B.**  That court denied relief on June 18, 2003.  **Exhibit C.**  Bates appealed the lower court's opinion to the Mississippi Supreme Court, and the

---

[1] All references to exhibits are those attached to Respondent's Motion to Dismiss Pursuant to § 2244(d), filed on August 11, 2006.

court of appeals affirmed the decision by written opinion entered July 27, 2004. *Bates v. State*, 879 So.2d 519 (Miss. App. 2004) (Cause No. 2003-CP-01588-COA).

On April 5, 2004, while the appeal of the decision of his prior motion was pending, Bates filed a "Motion for Post-Conviction Collateral Relief" in the Circuit Court of Pike County. **Exhibit E.** The court again denied relief by Order filed May 14, 2004**Exhibit F**. On September 17, 2004, Bates filed a third post-conviction motion entitled "Motion to Vacate and/or Set Aside Sentence and Conviction" in the circuit court. **Exhibit G.** By "Order Denying Motion to Vacate and/or Set Aside Sentence and Conviction" filed November 12, 2004, the trial court denied this motion as successive. **Exhibit H**. This decision was appealed, and by written opinion dated November 1, 2005, the Mississippi Court of Appeals affirmed the lower court's decisions. *Bates v. State*, 914 So.2d 297 (Miss. App. 2005) (Cause No. 2004-CP-02409-COA) (**Exhibit I.)**

On June 7, 2006, Bates signed his Petition for Habeas Corpus in this cause, and it was received and filed by the Clerk of this Court on June 14, 2006. As grounds for relief, he contended that his sentence was constitutionally excessive and illegal and that he did not receive constitutionally effective counsel.

## DISCUSSION

The Respondent asserts that Bates' Petition is barred by the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d). This statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the Respondent's calculations, Bates' judgment "became final" for AEDPA purposes on August 24, 2002, which was thirty days after he was sentenced on his guilty plea on July 25, 2002. Under MISS. CODE ANN. § 99-35-101 (1972), there is no direct appeal from a guilty plea. Yet, the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty days when the issue concerns an illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and, *Acker v. State*, 797 So.2d 966 (Miss. 2001). Because Bates did not avail himself of this review, the Respondent concludes that under *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), his guilty plea judgment became final thirty days after the sentence was imposed, or on August 24, 2002.

Bates' one year statute of limitations under AEDPA began running on that date, August 24, 2002, and would have expired on August 24, 2003, except that it was tolled for a period while Bates' "properly filed" applications for post conviction relief were pending. The Respondent has calculated the entire period within which the post-conviction motions were pending in determining that Bates' petition is still late. The first motion was filed on April 29, 2003, and that motion or the subsequent ones were pending continuously until November 1, 2005, or for a period of 917 days (April 29, 2003, to November 1, 2005). Under this theory, Bates' petition was due on or before February 27, 2006 (one year from August 24, 2002, plus 917 days). Accordingly, his filing of this habeas petition on June 7, 2006, was 100 days too late after the February 27, 2006, deadline. Bates cited no "rare and exceptional" circumstances to warrant any equitable tolling of the statute, and the Respondent concludes that the petition must be dismissed as untimely.

The undersigned's review of the relevant dates demonstrates that the State is correct. Here, Bates was sentenced on July 25, 2002, and had thirty days to seek review of his sentence if he challenged it as an "illegal sentence." He failed to do so, and the AEDPA began running on August 24, 2002. It was tolled for the 917 days that his post-conviction motions were pending in the state courts, making his federal petition due on or before February 27, 2006 (one year from August 24, 2002, plus 917 days.) Bates' filing of this habeas petition on June 7, 2006 was at least 100 days too late to have met the AEDPA statute of limitations [February 27, 2006 — June 7, 2006]. Bates cites no extraordinary circumstances that would justify applying equitable relief in his favor.

Some consideration of state law is inevitable when determining when a habeas petitioner's conviction becomes final. *Foreman v. Dretke,* 383 F.3d at 336 (5th Cir. 2004*), citing Roberts*, 319

4

F.3d at 693-94. The Mississippi Supreme Court has held that a "final judgment is one which ends in conviction and sentence." *Smith v. State*, 786 So. 2d 423, 426 (Miss. 2001). This view is in accord with federal precedent. *Berman v. United States*, 302 U.S. 211,212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *United States v. Wilkinson*, 601 F.2d 791, 794 (5th Cir. 1979) ("In a criminal case, a judgment of conviction and a sentence are usually necessary to create finality.")[2]

In the *Roberts* case, the Court held that for AEDPA purposes a conviction becomes "final" when the "time for seeking further direct review in the state court expires." 319 F.3d at 694. If the petitioner fails to complete the State's review process, the judgment becomes final on that date. Here, Bates did not utilize the review allowing him to challenge the legality of his sentence within the thirty day period allowed under Mississippi case law; hence, his conviction became final when this period ended.

Bates did attempt to challenge his conviction and sentence prior to the expiration of his AEDPA deadline, and the Court has considered this period to toll the statute in his favor. However, the petition was still late and must be dismissed.

## CONCLUSION

For all of these reasons, it is the opinion of the undersigned that Bates' habeas petition was filed too late, and that the Respondent's motion is meritorious and should be granted. It is, therefore, the recommendation of the undersigned United States Magistrate Judge that the

---

[2]*But see* Miss. Code Ann. § 99-39-5(2), which provides, with respect to post-conviction relief, that a motion seeking such relief must be filed "in case of a guilty plea, within three (3) years after entry of the judgment of conviction." *Cf.* La. Code Crim. P. Ann. Art. 930.8 ("No application for post conviction relief, . . . shall be considered if it is filed more than two years after the judgment of conviction **and sentence** has become final . . . .")

Respondents' Motion to Dismiss Pursuant to § 2244(d) [#10] be **granted** and that the Petition for Writ of Habeas Corpus filed by Arnie D. Bates be dismissed with prejudice due to his failure to comply with the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 6th day of November, 2006.

                                              S/ James C. Sumner
                                     UNITED STATES MAGISTRATE JUDGE